**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NATHANIEL A. CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-26-1100-HE |
| | ) |
| VICKI BEHENNA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's applications for leave to proceed in forma pauperis (IFP). Docs. 2 & 6.[1] United States District Joe Heaton referred the IFP motions to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 3.

**I.    Discussion.**

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, proceeding pro se, seeks relief under 42 U.S.C. § 1983 and complains that "judicial [and] executive representatives of Oklahoma violated [his] 4th [and] 14th Amendment rights" by committing perjury "to ensure [his] arrest" and wrongfully detaining him "in order to . . . further charge[] [him] with false crimes." Doc. 1, at 3-4. He names Vicki Behenna, the Oklahoma County District Attorney, as the sole Defendant. *Id.* at 2. He seeks a new Social Security card, $250,000.00 in equitable damages,

2

$2.4 million dollars for civil rights violations, and $75,000.00 in hedonic damages. *Id*. at 4. The Court finds Plaintiff's action likely to be frivolous. *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[I]t is well established that '[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial . . . discretion.'" (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006))).

As to the second factor, Plaintiff is not a prisoner.[3] So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states in his IFP application that he is "in search of employment," but is currently employed at Taco Bell. Doc. 2, at 1. He states he has a negative bank account balance but owns $250,000.00 in "music copyrights" and an automobile worth $17,000.00.[4] *Id*. He lists his monthly expenses as $500.00 for transportation, $400.00 for insurance, and $500.00 for "business expenses." *Id*. He lists two individuals referred to as "1099 contractor[s]" as his dependents and states he "provide services to both

---

[3]     In his second IFP application, Plaintiff states he has $165.37 in an institutional savings account, Doc. 6, at 2, but Plaintiff is not presently incarcerated. Plaintiff appears to have submitted the second IFP application on the Court-supplied IFP application for prisoners. *See id*. at 1.

[4]     He states that he owes $17,000 to the "car factory," so it is unclear whether he owns the automobile outright. Doc. 2, at 2.

individuals to stimulate economic growth." *Id.* He does not state whether he receives income in exchange for these "services."

Concerned it had incomplete information about Plaintiff's financial situation, the Court ordered him to supplement his IFP application with more details about his financial situation, including any spousal support or other sources of income and any funds he receives from the $250,000.00 copyright. Doc. 4. Plaintiff filed a second IFP application in response to the Court's order. Doc. 6.

In his second IFP application, Doc. 6, Plaintiff states he receives $600.00 to $800.00 in monthly income. *Id.* at 2. He reiterates that he owns an automobile worth somewhere between $16,000.00 to $17,000.00 and $250,000.00 in copyrights. *Id.* He also attached bank account statements, dating from December 2025 to May 2026. *See* Doc. 6, Ex. 1, at 1-22. He states that he does not have any children, is "currently living out of [his] vehicle," "pay[s] no utilities," and only consumes food "on days [he is] scheduled to work[] as of now." Doc. 6, Ex. 2. He adds that he is "the sole proprietor of Love Jean, LLC," an entity which he does "not receive monetary compensation for work performed" but that "[i]t should be noted that [he is] merely the current physical representation for the company, [which] suffered intellectual property damage." *Id.* He adds that "[d]ue to Love Jean being a victim of Mary's Law

4

[because] . . . law enforcement failed to provide protection when asked[,] music royalties can no longer be collected from distributors or other collection agencies, so business analytics cannot be provided." *Id.*

Plaintiff's vague and contradictory statements do not provide enough information to demonstrate he is financially unable to pay the required filing fee. 28 U.S.C. § 1915(a). The Court should therefore deny his IFP applications. Docs. 2 & 6.

## II. Recommendation and notice of right to object.

The undersigned recommends the Court deny Plaintiff's IFP applications. Docs. 2 & 6. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) & Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court **on or before June 24, 2026**. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 3rd day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE