**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NATHANIEL A. CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | NO. CIV-26-1100-HE |
| VICKI Z. BEHENNA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

On June 3, 2026, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. #8], recommending the court deny the applications of plaintiff Nathaniel Curtis to proceed in forma pauperis [Doc. Nos. 2 and 6], and the court dismiss this action without prejudice to refiling if plaintiff does not pay the $405.00 filing fee in full to the clerk of the court within 21 days of any order adopting the Report and Recommendation.

Plaintiff has timely objected to the Report and Recommendation [Doc. Nos. 9 and 10]. In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court concurs with the analysis of the magistrate judge. The court finds plaintiff's objections to be without merit. "[I]n order to succeed on a motion to proceed [in forma pauperis], the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." <u>Lister v. Department of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005). The court agrees with the magistrate judge

that plaintiff's vague and contradictory statements do not provide enough information to demonstrate that he is financially unable to pay the required filing fee.  In addition, plaintiff has not presented the existence of a reasoned, nonfrivolous argument on the law and facts in support of his claims against defendant.  As pointed out by the magistrate judge, "it is well established that '[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial . . . discretion.'" Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citation omitted).   While plaintiff asserts that he was prosecuted "with malice" and that "the prosecutor" initiated criminal case, No. CF-2025-3087, in the District Court of Oklahoma County, State of Oklahoma "with no probable cause" and "for improper purposes," absolute immunity nonetheless applies "to a prosecutor's decision to file charges if the prosecutor had no probable cause to do so."  Warnick v. Cooley, 895 F.3d 746, 752 (10th Cir. 2018).  "[T]he well-settled rule" is that "prosecutors are 'entitled to absolute immunity for the malicious prosecution of someone whom [they] lacked probable cause to indict.'" *Id*. (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 274 n. 5 (1993).  In short, prosecutors are not liable for their decision to file charges against an individual.

As stated by the magistrate judge, proceeding in forma pauperis "'in a civil case is a privilege, not a right—fundamental or otherwise.'"  White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting Rivera v. Allin, 144 F.3d 719, 724 (11tth Cir. 1998)).  Because plaintiff has failed to make the required showing to proceed in this action in forma pauperis, the court will adopt the Report and Recommendation in its entirety.

Accordingly, the Report and Recommendation [Doc. #8] is **ADOPTED**.  Plaintiff's applications to proceed in forma pauperis [Doc. Nos. 2 and 6] are **DENIED**.  Plaintiff shall pay the $405.00 filing fee **within 21 days** of the date of this order.  Failure to do so will result in the dismissal of this action without prejudice to refiling.

**IT IS SO ORDERED**.

Dated this 29th day of June, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE